IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO FARM CREDIT, ACA,

      Plaintiff

        v.

VÍCTOR DAVID TORRES-RAMOS, et al.,

      Defendants

CIVIL NO. 09-1995 (JP)

## DEFAULT JUDGMENT

The Court has before it Plaintiff's motion for default judgment (**No. 11**) against Defendants Víctor Torres-Ramos, Gisela Ramos-Puente, and the conjugal partnership formed between them (collectively, "Defendants"). The motion is **GRANTED**. Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against Defendants on February 2, 2010 (No. 9) for their failure to plead or file an answer to the complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

**IT IS HEREBY ORDERED:**

1.   The mortgage constituted by Víctor David Torres-Ramos and his wife Gisela Inés Ramos-Puente by Deed Number 92 before Notary Public José Saliceti-Maldonado on June 19, 1990, securing a mortgage note, payable to the order of the Farm Credit Bank of Baltimore, is a valid and subsisting mortgage and constitutes a lien prior to the

CIVIL NO. 09-1995 (JP)          -2-

estate or interest of Defendants in the above cause, on the mortgaged premises described in the complaint. The premises described in the complaint are:

> **RUSTICA: Parcela de terreno marcada con el número sesenta y cinco en el plano de parcelación de la comunidad rural Saliceti-Batista del barrio Tanamá de Adjuntas, Puerto Rico, con una cabida superficial de UNA CUERDA CON NUEVE MIL DOSCIENTOS VEINTISÉIS DIEZ MILÉSIMAS DE OTRA (1.99226), equivalentes a siete mil quinientos cincuenta y seis punto cuarenta y dos metros cuadrados, en lindes por el Norte, con carretera estatal quinientos veintiséis; al Sur, con camino número siete que lo separa de la parcela sesenta y ocho de la comunidad; por el Este, con camino que lo separa de la parcela sesenta y seis de la comunidad y por el Oeste, con la parcela sesenta y tres de la comunidad.**

The mortgage that is being foreclosed herein, that encumbers this property is recorded at page 101 over of volume 197 of Adjuntas, sixth inscription of property number 6,995, Registry of Property, Section of Utuado.

2.   Plaintiff Puerto Rico Farm Credit, ACA, is a corporation existing under the Act of Congress known as the Agricultural Credit Act of 1987, 12 U.S.C. § 2001, and which is a federally chartered instrumentality of the United States of America.

3.   Defendants Víctor David Torres-Ramos and Gisela Inés Ramos-Puente are the subscribers of the mortgage note and the Deed of Mortgage referred to in this Order, and the owners of the mortgaged property described above.  Said Defendants are ordered to pay Plaintiff the following amounts: (1) $1,937.82 of principal;

CIVIL NO. 09-1995 (JP)          -3-

(2) $5.36 in late charges; $40.57 in accrued interest on the principal as of August 31, 2009; (3) interest on the unmatured principal accruing thereafter at the rate of 5.75% per annum which is equivalent to $0.2292 daily until the date of full payment; (4) $103.00 for advances for insurance; and (5) the sum of $1,500.00 as a fixed and liquid amount for the costs, expenses, and attorneys' fees.

4.    If Defendants do not pay the above-mentioned amounts within ten (10) days of this default judgment being entered, the mortgaged property described in paragraph one (1) hereof **SHALL** be sold by the Special Master at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

5.    José Gallart and/or Angelique Doble-Bravo are hereby designated as Special Masters to complete the sale of the aforementioned property.

6.    The Special Master shall make the sale mentioned herein in accordance with 28 U.S.C. §§ 2001 and 2002, and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks.  The amount of $15,000.00 shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or

CIVIL NO. 09-1995 (JP)          -4-

adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Special Master shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation, the Special Master shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

7. Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

a) To the payment of all proper expenses attendant upon said sale;

b) To the payment of all expenses or advances made by Plaintiff for an amount not to exceed $1,500.00;

c) To the payments of that part of the indebtedness owed to Plaintiff up to the amount of $1,937.82 of principal;

CIVIL NO. 09-1995 (JP)           -5-

$5.36 in late charges; $40.57 of accrued interest on principal as of August 31, 2009; interest on unmatured principal accruing thereafter at the rate of 5.75% per annum which is equivalent to $0.2292 daily until the date of its full payment; $103.00 for advances for insurance; and the sum of $1,500.00 as a fixed and liquid amount for the costs, expenses, and attorneys' fees.

d)    If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

e)    In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendants and shall have execution therefor.

8.    Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of February, 2010.


                                    s/Jaime Pieras, Jr.
                                   JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE